George CORNELL, et al.,
Plaintiffs, Appellants,

v.

E.I. DUPONT DE NEMOURS & CO.,
INC., et al., Defendants, Appellees.

No. 87–1761.

United States Court of Appeals,
First Circuit.

Heard Dec. 10, 1987.

Decided March 9, 1988.

Gregory J. Wenger with whom Albert P. Zabin and Schneider, Reilly, Zabin & Costello, P.C., Boston, Mass., were on brief, for plaintiffs, appellants.

Susan J. Baronoff with whom John C. Wyman, P.C. and Roche, Carens & DeGiacomo, Boston, Mass., were on brief, for defendant, appellee E.I. Du Pont De Nemours & Co., Inc.

Richard K. Dandrea with whom C. Arthur Wilson, Jr., Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., Mary Morrissey Sullivan and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for defendant, appellee Mobay Corporation.

Robert A. Curley, Jr., with whom Curley & Curley, P.C., Boston, Mass., was on brief, for defendant, appellee Glendale Optical Company, Inc.

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Plaintiffs-appellants seek reversal of a summary judgment entered against them on grounds that the statute of limitations for their products liability claims had run. The brunt of the appeal is that the court misconstrued or misapplied the Massachusetts "discovery rule." Because we find that the court did neither, we affirm the judgment below.

Appellant George Cornell[1] worked as a spray painter. From 1980 to 1982 he used Imron polyurethane paint manufactured and sold by appellee E.I. Du Pont De Nemours & Co. ("Du Pont"). During the period of Cornell's use of the paint, Du Pont incorporated Desmodur N–75 into the paint, a product manufactured by appellee Mobay Chemical Corp. While using the paint Cornell wore a cartridge respirator manufactured by appellee Glendale Optical Co., Inc.

Cornell was a heavy smoker and, during the period relevant to this appeal, had been a heavy smoker for over 35 years. He knew, from experience and from reading the labels of the products he used, that

1. The other appellant is his wife Isabelle Cornell.

polyurethanes could cause harm to the lungs.

Within a few months after he began to use Imron in early 1980, Cornell began to experience flu-like symptoms. His symptoms included spitting up paint, coughing, chest pains, dizziness, and difficulty in breathing. It is undisputed that by the end of 1980 Cornell associated his respiratory problems with his exposure to polyurethane paints.

Cornell's ailments gradually became more acute. On June 11, 1981 he sought treatment for his condition. After a series of tests he was diagnosed as suffering from chronic obstructive lung disease, caused most likely by his smoking and exacerbated by exposure to polyurethane paints.

Cornell commenced this action on February 29, 1984, under the theories of negligence and breach of warranty. After discovery was completed defendants moved for summary judgment, based in part on statute of limitations grounds. The court below granted summary judgment applying the Massachusetts discovery rule.[2]

As the court below stated, under Massachusetts law, "a cause of action does not accrue until the plaintiffs know or reasonably should have known that they were injured as a result of the defendant's conduct." *See Olsen v. Bell Telephone Laboratories, Inc.,* 388 Mass. 171, 445 N.E.2d 609, 611–12 (1983); *Whitcomb v. Pension Development Co., Inc.,* 808 F.2d 167, 169 (1st Cir.1986). The court below further stated:

> The plaintiffs need not know that their injuries are legally compensable, *Fidler v. Eastman Kodak Co.,* 714 F.2d [192], 199 [1st Cir.1983], but rather they must be put on notice such that they have a "duty to discover from the legal, scientific, and medical communities whether the theory of causation is supportable and whether it supports a legal claim." *Id.*

Finally, the level of notice required to start the statute running has been defined as "likely cause." *Id.; see Fidler v. E.M. Parker Co.,* 394 Mass. [534], 546 [476 N.E.2d 595, 602 (1985)] (approving of "likely cause" language). Thus, once on notice of facts sufficient that they reasonably should have known that their injuries were likely caused by the defendant's conduct, the plaintiffs have three years to ascertain whether their claims are legally supportable.

This is an accurate statement of Massachusetts law.

The court found that appellants' claims were barred by the statute of limitations because they knew or reasonably should have known that on or before February 29, 1981 their injuries were likely caused by George Cornell's use of and exposure to the Imron paint. The court found that during 1980, with knowledge that Imron could cause harm to the lungs and with symptoms of exposure as remarkable as expectorating paint, Cornell had a duty to investigate his condition by seeking advise from the medical field.

Appellants are basically asking this court to abrogate the Massachusetts discovery rule by focusing on the time they realized they had a legally compensable claim. They also contend that before June 1981 Mr. Cornell had only some of the symptoms, but not yet the injury itself. Neither argument is convincing. The court below correctly stated that:

> The standard, ... is *not* that the plaintiff is on notice when he or she has knowledge or reason to know that he or she has a "legally compensable claim," but rather is that a plaintiff is on notice when he or she has sufficient facts such that he or she knows or reasonably should have known that defendant's conduct was the likely cause of his or her injury.

*Cornell,* p. 1129 n. 10.

The symptom/injury distinction is but a reformulation of the injury/legal claim

**2.** On June 2, 1987 the court issued a joint Memorandum and Order for the cases *Pitts v. Aerolite SPE Corp.,* No. 83–2890–Y; *Cornell v. E.I. Du Pont De Nemours and Co.,* No. 84–1595–Y; and *Roberts v. Thompson Medical Co., Inc.,* No. 85–0132–Y. References to the Memorandum and Order will appear as "*Cornell,* No. 84–1595–Y." 673 F.Supp. 1123.

diad. Notice of injury is notice of appreciable harm. *Cantu v. St. Paul Cos.*, 401 Mass. 53, 514 N.E.2d 666, 668 (1987); *Olsen v. Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 445 N.E.2d 609, 612–13 (1983). Given the nature and extent of Mr. Cornell's symptoms, appellants undoubtedly had sufficient notice to trigger their duty to inquire.

Summary judgment was properly granted.

*Affirmed.*