Kevin T. COADY, Plaintiff,

v.

MARVIN LUMBER AND CEDAR COMPANY, Defendant.

No. CIV.A. 00–40222–NMG.

United States District Court, D. Massachusetts.

Sept. 21, 2001.

Evan T. Lawson, Lawson & Weitzen, Boston, MA, for Plaintiff.

Scott W. Wynn, Law Office of Scott Wynn, Charlestown, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Kevin Coady ("Coady") filed a complaint alleging breach of implied warranty of merchantability, breach of express warranty and a violation of M.G.L. c. 93A, against Marvin Lumber and Cedar Co. ("Marvin"). That complaint was filed in Worcester Superior Court on October 20, 2000 and was subsequently removed by Marvin on the basis of diversity jurisdiction (Marvin is a Minnesota corporation and Coady is a resident of Mendon, Massachusetts).

Currently pending before this Court is Marvin's Motion to Dismiss (Docket No. 2) pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that all of Coady's claims are barred by the applicable statutes of limitations.

### I. Background

According to the complaint, Coady purchased windows and doors manufactured by Marvin and installed them in his home in 1985. Beginning in 1987, Coady began experiencing problems with the windows, including drafts blowing in through frames that had become warped due to rotting wood.

Coady alleges that he contacted Marvin and his local supplier of Marvin windows to notify them of the problem. He was informed that (1) Marvin did not repair those kinds of problems because they were due to faulty installation and (2) those problems were not covered by the ten-year warranty.[1]

As the rotting and warping of the wooden frames grew worse and another local Marvin window dealer failed to provide Coady with any assistance, Coady began to replace the window frames at his own expense.

In September, 1998, Coady discovered that Marvin had replaced the window frames at the home of one of his employees at no charge because that employee's frames had warped and rotted. Coady then contacted Greg Muirhead ("Muirhead"), the Marvin representative with whom his employee had dealt, and described his own problems with the windows and doors. Muirhead informed Coady of numerous customer complaints regarding the windows and doors and told him that Marvin would replace, at no cost to Coady, all windows and doors if they were deemed defective. A Marvin inspector subsequently arrived at Coady's home and determined that 25 windows were defective due to the rotted wood.

On May 13, 1999, Coady received a letter from Sue Roseen ("Roseen"), a Marvin employee, listing the defective windows in Coady's home and stating that he was eligible for a 34% discount off the retail price of the windows. Coady contacted Roseen to question why the replacements would not be free of charge as promised by

---

1. Although Coady does not explicitly state that a ten-year warranty was included with each door and window he purchased nor describe the warranty in any detail, for purposes of this opinion this Court assumes that each window and door came with a ten-year warranty.

Muirhead. Roseen referred Coady to a supervisor who agreed to investigate the matter but subsequently failed to return Coady's calls.

On May 31, 2000, Coady sent a demand letter pursuant to M.G.L. c. 93A, § 9(3) to counsel for Marvin. According to Coady, Marvin's offer in response was not "fair and reasonable". Coady seeks $92,915, the cost to replace and install the defective windows, together with treble damages, costs and attorneys fees under M.G.L. c. 93A ("Chapter 93A").

## II. Discussion

### A. Standard for Motion to Dismiss

A motion to dismiss should be granted only if it "appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Const. Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir.1996). When confronted with a motion to dismiss, the court accepts as true all well-pleaded factual averments and draws all reasonable inferences in the plaintiff's favor. *State Street Bank and Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 87 (1st Cir.2001). But "[g]ranting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 509 (1st Cir.1998).

### B. Statute of Limitations

#### 1. Breach of Warranty Claims

Because the present cause of action asserts contract-based warranty claims, a four-year statute of limitation applies. M.G.L. c. 106, § 2–725(1)("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .")("Section 2–725"); *Bay State–Spray & Provincetown Steamship, Inc. v. Caterpillar Trac-*

*tor Co.,* 404 Mass. 103, 107, 110–111, 533 N.E.2d 1350 (1989). In addition, Section 2–725(2) states that:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

M.G.L. c. 106, § 2–725(2).

#### 2. Violation of Chapter 93A

The accrual date of a Chapter 93A claims is established by the same principles that govern the determination of the underlying actions. *Hanson Housing Authority v. Dryvit System, Inc.,* 29 Mass. App.Ct. 440, 448, 560 N.E.2d 1290 (1990); M.G.L. c. 260, § 5A (setting out four-year statute of limitations after cause of action accrues). Therefore, the Chapter 93A claim accrued at the same time as the breach of warranty claims. *Hanson Housing Authority,* 29 Mass.App.Ct. at 448, 560 N.E.2d 1290.

### C. Analysis

In his opposition to the Motion to Dismiss, Coady asserts that (1) under the exception in Section 2–725(2), his cause of action accrued in May, 1999 when Marvin determined that the windows and doors were defective and refused to replace or repair them at no charge, (2) Marvin should be equitably estopped from raising the statute of limitations defense due to its wrongful conduct in refusing to honor its warranty with Coady, (3) the doctrine of equitable tolling saves his claims and (4) the "discovery rule" saves his claims.

### 1. When the Cause of Action Accrued

#### a. Breach of Implied Warranty of Merchantability

■ It is clear that the claim for breach of implied warranty accrued on the date that Coady purchased the windows, which, according to the complaint, was in 1985. Therefore, according to the first sentence of Section 2–725(2), the breach of implied warranty claim is barred because it was not asserted until 15 years after Coady purchased the windows, 11 years after the statute of limitations had run. *See e.g. Bay State–Spray & Provincetown Steamship, Inc.,* 404 Mass. at 111, 533 N.E.2d 1350.

#### b. Breach of Express Warranty

■ Coady contends that under the exception in Section 2–725(2), his cause of action accrued in May, 1999, when Marvin determined that the windows and doors were defective and refused to replace or repair them at no charge. This argument is unconvincing because the date on which Marvin determined that the windows and doors were defective does not, according to the research of this Court, control the determination of when the causes of action accrued. The determinative factors focus on when the *plaintiff* was or should have been aware of the breach. The facts of this case indicate that Coady was aware that the windows were warping and rotting in 1987. In such a situation, no reasonable person would require confirmation of the defect from products' manufacturer before believing that a breach had occurred.

However, the exception in Section 2–725(2) may be useful in analyzing the 10–year warranty of each window and door. For the exception in Section 2–725(2) to apply, two conditions must prevail: (1) a warranty must explicitly extend to future performance of the goods and (2) the circumstances must be such that "discovery of the breach must await" the time of the promised future performance. *Raytheon Co. v. Helix Technology Corp.,* 1999 WL 753483, *3 (Mass.Super.1999). In determining whether a warranty explicitly extends to future performance, courts have emphasized the word "explicitly," construing that requirement to mean that a warranty must specify a particular future time. *Id.* For purpose of this motion, this Court assumes that the 10–year warranty on each window and door explicitly provided that each product was guaranteed to perform as intended for a period of ten years. *Id.; See also Standard Alliance Ind. v. Black Clawson Co.,* 587 F.2d 813, 820 (6th Cir.1978), *cert. denied* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396.

The second condition of the exception in Section 2–725(2) requires that discovery of the breach "must await" the time of such future performance. Courts have interpreted this requirement to mean that discovery of the breach must *"necessarily await"* such future performance. *Wilson v. Hammer Holdings, Inc.,* 850 F.2d 3, 6 (1st Cir.1988)(emphasis in original). Where a warranty specifies a particular time in the future, performance or lack thereof cannot be determined until that time arrives. *Id.* at 7. If discovery of the breach is possible before the time specified for future performance, the requirement that discovery "must await" future performance is not met, and the exception does not apply.

The *Wilson* case serves as a useful comparison. In that case, the plaintiffs purchased a painting and despite receiving an express guarantee of its authenticity, later discovered that it was not authentic. *Wilson,* 850 F.2d at 4. The First Circuit Court of Appeals assumed that the warranty extended to authenticity in the future, but

nevertheless held that the "must await" requirement was not met, because it was possible for the plaintiffs to have discovered the breach as soon as the goods were sold, by procuring an expert's opinion. *Id.* at 7. The First Circuit reached that conclusion despite recognizing the unlikelihood that persons in the plaintiffs' position would obtain such an opinion soon after having purchased the painting from a reputable and professional dealer. The determinative fact, for purposes of the "must await" requirement, was that discovery was *possible* prior to any specific future time. *Id.* at 6 (emphasis added).

The circumstances of this case fail to meet the strict standard articulated in *Wilson.* The rotting and warping of the wood that began in 1987 was immediately indicative of a breach of warranty. Discovery was not only possible prior to the end of the ten-year period, it, in fact, occurred as evidenced by Coady's repeated conversations with Marvin representatives. Therefore, the exception in Section 2–725 does not save the breach of express warranty claim.

### c. Chapter 93A

■ Finally, because the Chapter 93A claim is based on the alleged breach of the express and implied warranties, that cause of action accrued when Coady bought the windows and doors in 1985, or at the latest, when he discovered their defective condition 1987. Therefore, the Chapter 93A claim is time-barred because it was not asserted within four years of either date.

### 2. Equitable Estoppel

■ Under Massachusetts law, if a plaintiff is to escape the consequences of his lack of diligence in bringing his action, it must be by way of proof that the defendant lulled the plaintiff into the delay. *See* *New England Power Co. v. Riley Stoker Corp.,* 20 Mass.App.Ct. 25, 32, 477 N.E.2d 1054 (1985), *rev. denied,* 395 Mass. 1103, 481 N.E.2d 197. In order for estoppel to apply, the plaintiff must prove "that the defendants made representations they knew or should have known would induce the plaintiffs to put off bringing a suit and that the plaintiffs did in fact delay in reliance on the representations." *White v. Peabody Constr. Co.,* 386 Mass. 121, 134, 434 N.E.2d 1015 (1982).

■ The facts alleged in this case fail to establish that Marvin made any misrepresentations that might have lulled Coady into not pursuing his claims. In fact, the complaint establishes the opposite: when Coady first began to notice problems in 1987 and contacted a Marvin representative, he was told that the problem lay with the installation and was not covered by the ten-year warranty. The fact that Marvin "did not make an honest or good faith effort at any time to remedy the defects", as Coady alleges, does not establish that Marvin induced the delay. Instead, because Marvin was unwilling to take responsibility for the defects, Coady was (or should have been) put on notice that a claim (or a lawsuit) was the only sure way to resolve the dispute.

Moreover, even if Marvin allegedly discovered that the windows and doors were, in fact, defective and subsequently filed a lawsuit against its supplier, PPG Industries, Inc., asserting that it had provided Marvin with a faulty wood preservative product, and steadfastly refused to replace Coady's windows and doors, such behavior does not demonstrate that Marvin lulled Coady into delaying his suit or that it fraudulently concealed his cause of action. Once again, the initial warping and rotting of the product in 1987 should have put Coady on notice that he had claims against Marvin.

■ Finally, Muirhead's statement to Coady in 1998 that Marvin would replace the products at no cost, if deemed defective, and subsequent statements by other Marvin representatives that Coady was eligible for a 34% discount to replace the defective windows, do not constitute a warranty. Those statements were not made in connection with the sale to Coady, but instead were promises to repair or replace. Such promises are generally viewed as specifications of a remedy rather than as an independent or separate warranty. *New England Power Co.*, 20 Mass.App.Ct. at 30, 477 N.E.2d 1054.

### 3. Equitable Tolling

■ Under Massachusetts law, the doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff, exercising reasonable diligence, could not have discovered information essential to the suit. *See Protective Life Ins. Co. v. Sullivan*, 425 Mass. 615, 682 N.E.2d 624 (1997). Although Coady argues otherwise, the record reveals that, because of the warping and rotting wood, Marvin could not have concealed the defects of the windows and doors, even if it initially refused to take responsibility for them. "A party seeking to toll the statute must at the very least show that the information *could not* have been found by a timely diligent inquiry." *Bernier v. Upjohn Co.*, 144 F.3d 178, 180 (1st Cir.1998). Given the readily-apparent signs of product deterioration, Coady cannot make such a showing.

### 4. The "Discovery Rule"

■ Under the "Discovery Rule", as applied in Massachusetts, "a cause of action does not accrue until the plaintiffs know or reasonably should have known that they were injured as a result of the defendant's conduct." *Cornell v. E.I. Dupont de Nemours & Company*, 841 F.2d 23, 24 (1st Cir.1988), *citing Olsen v. Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 173–175, 445 N.E.2d 609 (1983); *accord Cambridge Plating Company, Inc. v. Napco, Inc.*, 991 F.2d 21, 27. Knowledge of the extent of the injury does not determine the triggering date, *see Olsen*, 388 Mass. at 175, 445 N.E.2d 609, nor is the limitations period triggered by knowledge that the defendant breached a legal duty to the plaintiff. *See Fidler v. Eastman Kodak Company*, 714 F.2d 192, 198–199 (1st Cir.1983). Rather, the level of notice required to trigger such running of the limitations period is when the plaintiff knows or reasonably should have known the "likely cause" of his injuries. *Cornell*, 841 F.2d at 24.

Assuming that the rule applies to Section 2–725, *see American Glue & Resin, Inc. v. Air Products & Chemicals, Inc.*, 835 F.Supp. 36, 42 (D.Mass.1993), the discovery rule does not save any of Coady's claims. Although Coady is correct in asserting that "there was no way...[he] could have been aware of the defective condition of the windows and doors when they were installed", Coady was aware of such problems beginning in 1987. At that time, he should have been aware that the cause of those problems was in the manufacturing of the products, and he was under a duty of reasonable inquiry in considering and investigating that possibility. *See Bernier*, 144 F.3d at 180.

Indeed, the complaint indicates that upon first noticing the problems in 1987, Coady contacted a Marvin representative, who informed him that because they were the result of faulty installation, Marvin would not repair the windows and that those problems were not covered by the ten-year warranty. Regardless of whether Coady accepted that denial of responsibility, he was put on notice of a potential claim and a rational jury could not find otherwise. *Id; see also White v. Peabody*

*Construction Co., Inc.,* 386 Mass. 121, 130, 434 N.E.2d 1015 (1982)(court rejected plaintiffs' reliance on discovery rule because they had noticed they were being injured by water leakage from the moment they discovered the leak and reasonably should have known that it gave rise to claims for design and construction defects). Therefore, under the discovery rule in this case, the statute of limitations began to run in 1987 and expired in 1991, well before Coady filed the instant suit.

## ORDER

For the foregoing reasons, the Motion to Dismiss (Docket No. 2) filed by Marvin Lumber and Cedar Company is **AL-LOWED** and the case is **DISMISSED**. So ordered.