# United States Court of Appeals
## For the First Circuit

No. 03-2234

SIBLEY P. REPPERT and
CHRISTINE VEZETINSKI,

Plaintiffs, Appellants,

v.

MARVIN LUMBER AND CEDAR CO., INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella and Lipez, Circuit Judges,
and Lisi,* District Judge.

Michael J. Barkoff, for appellants.
Thomas H. Boyd, with whom Charles (C.J.) Schoenwetter,
Winthrop & Weinstine, P.A., Posternak Blankstein & Lund, LLP,
Joseph P. Crimmins and Jennifer L. Finger, were on brief, for
appellee.

February 27, 2004

_____

* Of the District of Rhode Island, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  This is an appeal from an order and judgment granting defendant-appellee Marvin Lumber and Cedar Co., Inc.'s ("Marvin Lumber") motion to dismiss the appellants' complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The complaint alleges damages by reason of defective windows manufactured by Marvin Lumber, a Minnesota corporation, which were purchased by appellants, Massachusetts residents, through a supplier in Massachusetts.

In its motion, Marvin Lumber raised as a defense to the present suit the preclusive effects of a settlement and judgment entered in a class action brought in the state courts of Minnesota, entitled O'Hara v. Marvin Lumber & Cedar Co., Inc., Civil Action No. PD 00-014027 ("the O'Hara suit").  The district court agreed with Marvin Lumber, and this appeal followed.  Appellants contend that the district court erred in dismissing their complaint on res judicata grounds, because they allegedly failed to receive actual notice of the O'Hara suit and because their claims were distinct from those litigated in O'Hara.  It is their view that to allow preclusive effect to such a judgment violates their right to due process.

For the reasons hereinafter stated, we affirm the decision of the district court.

Between 1985 and 1988, Marvin Lumber, a national manufacturer of windows and doors, treated its products with a wood

preservative known as "PILT" which it acquired from PPG Industries, Inc. This preservative was ineffective and defective, resulting in the premature deterioration of many of Marvin Lumber's windows. This situation spawned the O'Hara class action in 1999, in which the class was defined as all owners of defective windows and doors manufactured by Marvin Lumber treated with PILT during the years 1985 to 1988. Damages were sought in excess of $70 million dollars, including damages resulting from Marvin Lumber's alleged failure to warn about the defective PILT treatment. Recovery was sought based on the consumer protection statutes of all fifty states and the District of Columbia.

Eventually, the O'Hara suit was settled, with the approval of the judge presiding over said matter, in Minnesota's Fourth Judicial District, that state's trial court of general jurisdiction. Pursuant to Minnesota Rule of Civil Procedure 23, which is substantially similar to its federal counterpart, Fed. R. Civ. P. 23, a fund was established in the amount of $300,000 to pay for the costs of notifying the class members. Thereafter, direct mail notices were sent to all identifiable class members, with similar notices being published in 33 newspapers throughout the United States. The notices included a toll-free number and the address of a web-site, established to provide potential class members with information about the class action and to make

available appropriate forms for their active participation in the proceedings or to allow them to opt out of the suit.

Thereafter, and before the class settlement was approved, the Minnesota court, as required by state law (in similar fashion to its federal counterpart), held a fairness hearing to determine whether the settlement was reasonable, adequate, and in the best interest of the class. At least one Massachusetts resident appeared at the hearing to challenge the settlement, on the grounds that under Massachusetts law the claims were not yet time-barred, an objection that was overruled by the court.[1] On December 4, 2001, the O'Hara court determined that the settlement was fair, adequate, and reasonable, and proceeded to approve it. The court specifically concluded that the notice provided to class members was the best notice practicable, and thus entered final judgment.

The appellants purchased windows manufactured by Marvin Lumber windows in 1988. This was done through a building contractor who acquired the windows from a local hardware store in Massachusetts. Thereafter, the windows were installed in their residences. In the autumn of 2002, it was discovered that they were suffering from wood decay problems and related damage to appellants' residence and upon inspection it was concluded that

---

[1] Relying on Cody v. Marvin Lumber & Cedar Co., 167 F. Supp. 2d 166 (D. Mass. 2001)(holding that any claims against Marvin were time-barred under Massachusetts law).

these were caused by the inadequate preservatives used in the manufacturing process.

Appellants filed the present action in the Massachusetts state courts seeking damages for negligence, failure to warn, and violation of Mass. Gen. Laws ch. 93A.[2] The suit was removed to the federal jurisdiction by Marvin Lumber, and as previously indicated, the district court upon motion dismissed the suit, and this appeal followed.

## I. **Standard of review**

A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is reviewable de novo. Carreiro v. Rhodes Gill & Co., Ltd., 68 F.3d 1443, 1446 (1st Cir. 1995). The facts are considered in the light most favorable to the non-moving party, who receives the benefit of all reasonable inferences. Id.

## II. **Class actions and the doctrines of res judicata and release**

"It is beyond cavil that a suit can be barred by the earlier settlement of another suit in either of two ways: res judicata or release." Nottingham Partners v. Trans-Lux Corp., 925 F.2d 29, 31-32 (1st Cir. 1991). Although in this case the district court ruled only on res judicata grounds, appellee claims the applicability of both defenses.

---

[2] Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," Mass. Gen. Laws ch. 93A, § 2, and provides for enforcement by the Attorney General and through civil actions.

Res judicata is a valid defense to a later suit if (1) there is a final judgment on the merits of an earlier action, and (2) there is identity of the parties and (3) identity of the claims in both suits. See United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998). In appropriate circumstances these rules are applicable to class actions. See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 379 (1996) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation.") (quoting Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874 (1984))(quotation marks omitted).

The first prong of this rule, whether there is extant a final judgment on the merits in the first suit, is clearly satisfied considering the final judgment of the Minnesota court in O'Hara.

The issue in the second prong, the identity of the parties, is intermingled with appellants' due process claims, wherein appellants allege that they failed to receive actual notice of the O'Hara suit and settlement, and thus are not bound by the subsequent judgment. Although it is a fundamental requirement of due process that interested parties be apprised of the pendency of actions in which they have an interest, and be afforded an opportunity to present their allegations, such requirements can be

met in appropriate cases by methods of notification other than actual personal notice. Cf. Mullane v. Cent. Hanover Tr. Co., 339 U.S. 306 (1950); Lombard v. United States, No. 03-1430, 2004 U.S. App. LEXIS 1214, *8-11 (1st Cir. Jan. 23, 2004).

"Individual notice of class proceedings is not meant to guarantee that every member entitled to individual notice receives such notice," but "it is the court's duty to ensure that the notice ordered is reasonably calculated to reach the absent class members." Hallman v. Pa. Life Ins. Co., 536 F. Supp. 745, 748-49 (N.D. Ala. 1982) (quotation marks and citation omitted); see also In re Viatron Computer Sys. Corp. Litig., 614 F.2d 11, 13 (1st Cir. 1980); Key v. Gillette Co., 90 F.R.D. 606, 612 (D. Mass. 1981); cf. Lombard, 2004 U.S. App. LEXIS at *8-11. After such appropriate notice is given, if the absent class members fail to opt out of the class action, such members will be bound by the court's actions, including settlement and judgment, even though those individuals never actually receive notice. Cooper, 467 U.S. at 874; 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1789 (2d ed. 1986).

Such is the present case, with notification by mail to all known members of the certified class, and the publication of this notice being placed in 33 newspapers of general circulation throughout the United States. The record shows that appellants did not receive mailed notification of the O'Hara proceedings because,

not having purchased Marvin Lumber's products directly from that company, their names did not appear in any Marvin Lumber record. However, the notice was published in the Boston Globe, a Massachusetts newspaper of general circulation. The O'Hara court found that the notice procedures met the requirements of the applicable Minnesota Rule of Civil Procedure and comported with due process requirements.[3] At a minimum, as applied to appellants, the newspaper notices met the legal requirements of due process. See Lombard, 2004 U.S. App. LEXIS 1214 at *8-9.

The O'Hara court determined that the class had been adequately represented and that the settlement was fair, entering judgment approving the settlement. Appellants, having purchased Marvin Lumber windows in 1988, were merged into the O'Hara class. The second prong of the res judicata standard, identity of the parties, was thus met.

Appellants reserve their strongest arguments in support of their challenge to compliance with the third res judicata prong, the identity of the O'Hara action with the present one. Essentially, appellants argue lack of identity of causes of action

---

[3] Given that such findings and judgment are entitled to full faith and credit, U.S. Const. art IV, § 1, it is doubtful that their validity is subject to collateral challenge in a proceeding in the federal courts. See 28 U.S.C. § 1257; D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

-8-

in that the present suit is based on Marvin Lumber's breach of its post-sale duty to warn persons who purchased its products, while the O'Hara complaint stated claims for breach of contract, and breach of express and implied warranties. They attempt to distinguish the two suits by characterizing the O'Hara suit as one arising from the sale of Marvin Lumber products while characterizing their own as one arising from a post-sale duty to warn, which continued through the O'Hara proceedings and thereafter. Appellants also claim that the present action is "qualitatively different" from the O'Hara suit in that the relief sought in that case was for damages for replacement of the windows and costs associated with replacement of the same, while in the present case appellants seek damages for property damages associated with the defects inherent in the windows.

When viewed in the light of established res judicata doctrine, these arguments present distinctions without legal significance.

To begin with, we are unaware of, nor do appellants point to, any cognizable precedent holding that the type of relief sought in any way factors into the res judicata formula. Succinctly, it is the operative facts and the underlying causes of actions that are of determinative relevance.

Although we are not convinced that there is meaningful difference between the actions,[4] appellants must surmount an even more difficult hurdle. Even if the claims are sufficiently dissimilar, established law requires us to look to the law of the state where the prior judgment was entered to determine the res judicata consequences of that judgment, Nottingham Partners, 925 F.2d at 32, an exercise which does not favor appellants' position. Under Minnesota law, "res judicata principles apply 'not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein." Thompson v. Am. Tobacco Co., Inc., 189 F.R.D. 544, 550 (D. Minn. 1999) (quoting Youngstown Mines Corp. v. Prout, 124 N.W.2d 328, 340 (Minn. 1963)). See also Sondel v. Northwest Airlines, Inc., 56 F.3d 934, 938 (8th Cir. 1995) ("[A] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein.")(quoting Dorso Trailer v. Am. Body & Trailer, 482 N.W.2d 771, 774 (Minn. 1992)) (internal citations and quotation marks omitted).

---

[4] The common nucleus of operative fact between the two cases is Marvin's sale of defective windows, and both plaintiffs in O'Hara and here seek compensation for their injuries caused by those defective windows. As stated in the district court's dismissal order, appellant's "argument that the substance of their claims was not litigated as part of the class action cannot be sustained on any fair reading of the underlying amended class action complaint."

Appellants' reliance on language in <u>Cameron</u> v. <u>Tomes</u>, 990 F.2d 14, 17 (1st Cir. 1993) is misplaced.  There, quoting the Supreme Court in <u>Cooper</u> v. <u>Fed. Reserve Bank of Richmond</u>, 467 U.S. at 880, we stated that "a class action judgment . . . binds the class members as to matters actually litigated but does not resolve any claim based on individual circumstances that was not addressed in the class action."  <u>Cameron</u> 990 F.2d at 17.  In <u>Cameron</u>, however, the prior class action challenged general conditions at a state treatment center for the sexually dangerous, while Cameron's later suit rested

> primarily on [his] claims that his unusual situation requires special accommodations; specifically, that his physical disability affects his need for outside medical visits, freer movement within the Treatment Center, and separate bunking arrangements adapted to his handicap, and that his mental condition . . . makes ordinary physical searches, disciplinary arrangements and other constraints unsuitable, indeed psychologically dangerous, for him.

<u>Id.</u> at 18.

<u>Cameron</u>'s quoted language is clearly distinguishable from the present case, in which appellants point to no unique circumstances applicable to their case which was outside the scope of the matters actually litigated, or that could have been litigated, in <u>O'Hara</u>.  Appellants place their reliance on allegedly distinct causes of action, not different factual predicates.

Last, it is clear that the release entered into in the O'Hara case, and approved by the court as part of the settlement process, is an equally imposing hurdle to the present suit. "[A] court-approved settlement containing a release may be applied against a class member who is not a representative member, even if that member objects to the settlement, so long as acceptable procedural safeguards have been employed." Nottingham Partners, 925 F.2d at 33. "[I]n order to achieve a comprehensive settlement that would prevent litigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not even have been presentable in the class action." Matsushita, 516 U.S. at 377 (citation and quotation marks omitted).

Such was the release in the O'Hara case settlement. It provides for the release of:

> any and all claims, rights, damages, losses, demands, obligations, actions, causes of actions, suits, cross-claims, matters, issues, debts, liens, contracts, liabilities, arguments, costs or expenses of any nature whatsoever ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, . . . that have been or could have been asserted arising out of any purchase or performance of a Marvin PILT unit(either directly or indirectly) to the extent that such claims are based upon any allegations that were or could have been asserted in the Amended Complaint filed in this Action . . . or that are based on any theory of breach of contract, breach of expressed warranty, breach

-12-

of implied warranties, violation of consumer
protection statutes, unlawful trade practices,
or any other theory . . . that might in the
future be asserted. . . .

Unquestionably, this release is sufficiently broad to encompass the

appellants' complaint and the allegations therein.

### III.  Conclusion

We have considered all of the issues raised by appellants

and find them without legal merit.  The order and judgment appealed

from are hereby **affirmed**.  Costs to appellee.