Frank J. HALLMAN, Plaintiff,

v.

PENNSYLVANIA LIFE INSURANCE COMPANY, a corporation, Defendant.

No. CV 81–P–1890–W.

United States District Court, N. D. Alabama, W. D.

April 19, 1982.

---

W. Harold Albritton, III, Albritton & Givhan, Andalusia, Ala., for plaintiff.

John A. Owens, Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, Ala., for defendant.

## MEMORANDUM OF OPINION

POINTER, Chief Judge.

Presented for decision by defendant's motion for summary judgment is the question as to the effect for res judicata purposes of a class member's failure to receive the notice mailed to him pursuant to Rule 23(c)(2), F.R.Civ.P.

Plaintiff Hallman filed this action in October 1981, claiming to have only recently discovered that defendant Pennsylvania Life * in 1964 had misrepresented as non-cancellable a disability insurance policy that could be terminated by the company. After removing the case to federal court, Pennsylvania Life moved for summary judgment on the basis that the suit is barred by a final judgment entered in 1974 by the United States District Court for the Central District of California in a case brought by Mary Barlow and others, CA No. 72–2341.

It is undisputed that Hallman fits the description of a national class certified under Rule 23 in the California action and that the terms of the judgment, which after hearing approved a settlement of that action, preclude the maintenance of the instant lawsuit. It is undisputed that in late 1973, prior to the settlement hearing, the California court directed that an appropriate [1] notice under Rule 23(c)(2) and 23(e) be mailed to class members such as Hallman. It is without any genuine dispute [2] that the notice was properly mailed to Hallman, that it was not returned as undelivered, but that it was not personally received by him. Hallman did not request exclusion from the class, nor did he exercise the right provided under the settlement to exchange his policy for one that would be non-cancellable.

Hallman has not challenged the adequacy of representation of class members in the California action, nor has he questioned the

---

* Initially joined as an additional defendant was the individual agent who had sold the policy to Hallman. Service was never effected on that person.

1. The notice described the action brought by Barlow, its certification under Rule 23 on behalf of certain classes of policyholders, the terms of the proposed settlement, the settlement hearing, and the binding effect of the settlement, if approved, upon class members not electing to be excluded. It also described the rights of class members to enter appearance through counsel, to be excluded from the class and the case, to be heard in opposition to the settlement, and to participate in the settlement.

2. There is disagreement between the parties as to the effect of the evidentiary presumption of receipt by the addressees of a letter mailed and not returned. Pennsylvania Life has argued that Hallman's denial of receipt does not sufficiently rebut the presumption recognized in Alabama upon proof of due mailing; and there is language in *Currie v. Great Central Insurance Co.*, 374 So.2d 1330 (Ala.1979), to support that view. Careful reading of *Currie* indicates, however, that its holding was one of affirming a factual finding by the trial court that the letter had been received. Hallman, using the same presumption, asserts that his denial of receipt raises a factual issue as to whether the notice was mailed; and there is language in *Harrell v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 287 Ala. 259, 251 So.2d 220 (1971), to support that view. Careful reading of *Harrell* and the earlier cases upon which it is based indicates, however, that it was holding the evidentiary presumption as not conclusive under Alabama's scintilla rule when receipt was denied. The court can take judicial notice of the fact that letters, although properly mailed and not returned, are not invariably received by the addressee; other events can interrupt the expected results, such as loss or misdelivery by postal officials, theft by third parties, destruction or discard by other persons at the place of delivery. Even assuming that Alabama's mailing-receipt presumption is under F.R.E. 302 to be applied—a matter not free from doubt with respect to an issue concerning res judicata effects of a federal judgment—the court is of the opinion that (1) Hallman's denial of personal receipt does not raise a genuine dispute of fact under Rule 56, F.R.Civ.P., concerning the mailing of the notice and (2) he should be treated for purposes of the defendant's motion under Rule 56 as not having actually received the notice.

procedures followed in sending notice to the class members[3] or in approving settlement of the class claims. Rather, he simply denies having actually received the notice sent to him and contends that a judgment in a Rule 23(b)(3) action is binding on class members whose identity is known only if they actually receive the notice mandated by Rule 23(c)(2).

This precise issue does not, surprisingly, appear to have been the subject of any reported decision. Nor is it one whose answer can be given with great confidence. According to *Eisen v. Carlisle & Jacqueline* ("*Eisen III*"), 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), two separate, although related, questions must be considered: whether Rule 23 itself limits the preclusive effect of a (b)(3) judgment to those class members who, if identified, actually receive the appropriate (c)(2) notice; if not, whether the constraints of due process impose such a limitation.

There have, of course, been many trial and appellate decisions involving the notice requirements of Rule 23 in a variety of factual and legal contexts. See, *e.g., Eisen III, supra* (prohibitive cost of mailing no basis for dispensing with requirement to give notice to identified class members); *Zients v. LaMorte*, 459 F.2d 628 (2nd Cir. 1972) (district court in which settlement of class action pending had power, prior to final distribution of settlement fund, to permit otherwise untimely claim by class members who had not received notice); *Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989 (5th Cir., Unit B, 1981) (independent action by class member not barred where notice sent to class member at direction of court under Rule 23(d)(2) did not contain information as to right of exclusion which had also been directed by court).

No decision has been found which directly deals with the issue *sub judice* ; and, unfortunately, few opinions even in dicta provide clear guidance as to whether it is the giving or the receiving of proper notice that is critical. Rule 23 itself contains this same ambiguity, providing in (c)(2) that "the court shall direct . . . individual notice to all members who can be identified" and that "the notice shall advise each member" of his rights and obligations, in (c)(3) that the final judgment in (b)(3) actions "shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class", and in (e) that notice of proposed settlements "shall be given to all members of the class in such manner as the court directs."

The Notes of the Advisory Committee which accompanied the 1966 revision of Rule 23 are also somewhat unclear as to whether actual receipt of the (c)(2) notice is required for identified class members or whether the giving of individual notice to such persons in a manner reasonably calculated to reach them can suffice. On balance, considering the Committee comments to subdivisions (c)(2), (c)(3), and (d)(2), the court here views the latter construction—not mandating actual receipt—to be more in keeping with the intent of the drafters and, indeed, with the language of the Rule itself. As noted by the Committee, "the judgment in a class action maintained as such to the end will embrace . . . in a class action under subdivision (b)(3), those to whom the notice prescribed by subdivision (c)(2) was *directed*, excepting those who requested exclusion or who are ultimately found by the court not to be members of the class" (Notes to 23(c)(3), emphasis added); and "notice to members of the class, whenever employed under amended Rule 23, should be accommodated to the particular purpose but need not comply with the

---

**3.** Plaintiff's letter brief suggests a possible inadequacy in the address used for his notice ("Frank J. Hallman, Route 3, Northport, Alabama"), but there is no denial that other mail similarly addressed (including, indeed, premium notices sent to him over the years by Pennsylvania Life) was delivered to him and, as previously stated, the notice was not returned by postal authorities to the sender. Moreover, if the address of a class member were found to be insufficient for mailing purposes, one might well question whether under Rule 23(c)(2) there would even be a requirement to send individual notice to him.

formalities for service of process." (Notes to 23(d)(2)).

The question remains whether such a construction of Rule 23—which could deprive the plaintiff here of a right of action, a form of property, without actual notice and without real consideration[4]—comports with the principles of due process. Existing precedents are instructive, but not determinative.

The Supreme Court has on several occasions held or at least indicated that due process does not invariably require personal notification of all persons who may be directly affected by class actions or similar litigation, the leading case being *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). See also *Eisen III, supra; Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921); *Smith v. Swormstedt*, 57 U.S. (16 How.) 288, 14 L.Ed. 942 (1853). Of particular interest is the statement in *Schroeder*, involving condemnation proceedings, in which the Court commented, "that [right to be heard on a claim for compensation for damages] was the information which the city was constitutionally obliged to *make at least a good faith effort to give personally to the appellant—an obligation which the mailing of a single letter would have discharged.*" 371 U.S., at 214, 83 S.Ct. at 283 (emphasis added).

Several appellate decisions in this circuit have discussed in other contexts the constitutional implications of notice in class actions; and the opinions in some, notably *Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir. 1979), indicate that actual receipt of notice may be required before a class member can constitutionally be barred from pursuing an individual damage claim. In none of these cases, however, was the court confronted with a situation where notice containing correct and sufficient information had been individually given to class members in a manner reasonably calculated to reach them. The same court, moreover, in a somewhat analagous situation, has stated that service of process can be constitutionally effected by delivery to a person's residence even though the individual does not ever actually receive the notice. *NLRB v. Clark*, 468 F.2d 459 (5th Cir. 1972). One would be hard pressed to defend a requirement for notice to class members that is more stringent than notice to an individual defendant subject to a default judgment, particularly in view of the fact that in class actions the class representatives, together with similarly situated other members of the class who do receive notice, can be expected ordinarily to protect the interests of a class member who, for some reason, fails to get the notice sent to him.

Neither Wright & Miller, Federal Practice & Procedure, nor Moore's Federal Practice directly addresses the problem presented in this case by the summary judgment motion. The emphasis in each treatise, however, upon adequacy of representation as the hallmark of due process can be fairly read as supporting the view that actual receipt of the Rule 23(c)(2) notice by identified class members is not required by the constitution or by the Rule itself. Newberg on Class Actions is somewhat more explicit, noting in Vol. 3, at § 5680, as follows:

"[T]he failure of individual notice of class maintenance or settlement to reach an individual because of a change of address or a postal mix-up should be insufficient to justify relief under 60(b)(1). *Individu-*

---

**4.** The benefit provided class members under the settlement—the right for several months to exchange their existing policies for ones that could not be cancelled, with no increase in premiums for a limited period of time—was of value only if the members knew of the option. It may be noted that the fact that the settlement provided a benefit only to those class members with notice of the action and the settlement is, of course, not unique to this litigation; many class actions resolved favorably to a class by settlement or trial require some action by class members to receive benefits from the litigation, such as through the presentation of some claim, and in effect benefit class members only if they receive notice of their rights.

*al notice of class proceedings is not meant to guarantee that every member entitled to individual notice receives such notice. Rather the court's duty is to insure that the notice ordered is reasonably calculated to reach the absent class members."* (emphasis added) [5]

Few legal 'subjects have generated as much debate in recent years as that relating to class actions. Proponents have stressed the benefits to be derived to the litigants, the courts, and the public through the presentation of claims which might otherwise go unresolved or be subject to multiple trials; opponents have largely emphasized the impact of large numbers of judicially solicited claims upon the ability of the opposing parties to defend themselves. There seems little doubt, however, that if class actions are to serve their intended purposes and if settlement of such actions is to be fostered, judgments in such cases—whether favorable or unfavorable to the class—must be accorded appropriate finality when consonant with both Rule 23 and the constitution.

█ In reaching its conclusion that the defendant's motion for summary judgment should be granted—that the plaintiff is at this time barred by res judicata from maintaining the present action—the court must acknowledge that Rule 23 has worked to the disadvantage of the plaintiff in what appears to be an unfair manner.[6] While this court cannot relieve the plaintiff from the consequences of being a member of a class whose rights were constitutionally resolved in the California action, there is a possible avenue for relief in the California court—through a Rule 60(b)(6) motion. It appears to be within the power of that court to grant such a motion, modifying its judgment either to permit Hallman to obtain a non-cancellable policy under the settlement upon payment of additional premiums or to exclude him from the class bound by the 1974 decree. Should relief of the latter type be granted, and of course this court expresses no opinion as to whether that should or should not be done, then the plaintiff could return to this court and move this court to reopen these proceedings under Rule 60(b)(5) and (b)(6).

Consistent with this opinion, judgment will be entered by separate order granting defendant's motion and dismissing this case.

---

**5.** In fairness it should be noted that the continuation of this passage leaves open the argument that the judgment might be ineffective as to the class member not receiving notice: "This rationale is not unduly harsh on the absent class members, because a class member may, pursuant to Rule 60(b)(4), contend that the judgment is void as to him or her, or collaterally attack the judgment on the ground of inadequate representation." *Id.,* § 5680.

**6.** By "unfair" the court has reference to the fact that, lacking actual notice, Hallman would have received nothing of value in exchange for his loss of rights (see footnote 4, *infra*) and was not meaningfully given a right to be excluded from the class or to oppose the proposed settlement. The court does not imply that Hallman has a meritorious claim against Pennsylvania Life or that, even without the res judicata defense, he would be able to present his claim on the merits. There is an obvious problem in this litigation not yet presented by the parties with respect to the statute of limitations—in Alabama a period of one year from the fraud or from the time it should have been discovered. On the surface it would appear that the fraud, if any was committed, should have been discovered back in 1964, when the policy (which by its terms certainly provided the company with the right to termination prior to any disability) was issued to Hallman. He apparently would seek to avoid this defense by asserting that he was illiterate and that such matter had been made known to the insurer's agent. Whether the defense could be avoided in that manner under Alabama law is, of course, not presently before the court. It is of interest, however, to note that, if Hallman were able to avoid the statute of limitations through asserting illiteracy, it could be argued that his failure to receive the class action notice would, for like reasons, have caused him no prejudice.