■ KARL KOETHER et al., Appellants, v OLGA GENERALOW, Respondent. [623 NYS2d 328] —In an action, *inter alia,* to recover damages for trespass to real property, the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated October 29, 1993, as denied their motion for summary judgment and to dismiss the defendant's counterclaim, and (2) from an order of the same court dated March 28, 1994, which denied their motion for reargument.

Ordered that the appeal from the order dated March 28, 1994, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 29, 1993, is modified by (1) deleting the provision thereof which denied that branch of the plaintiffs' motion which was for summary judgment on their second cause of action and substituting therefor a provision granting that branch of their motion, and (2) deleting the provision thereof which denied that branch of the plaintiffs' motion which was to dismiss the defendant's counterclaim and substituting therefor a provision dismissing so much of the counterclaim which is to recover damages for the encroachment of her property by the plaintiffs' driveway and retaining wall; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The instant action represents the second round in a boundary dispute between two adjacent landowners in Nyack. In a previous court action between the defendant Olga Generalow and the plaintiffs' predecessors in title, this Court held that while a driveway and a retaining wall built by the plaintiffs' predecessors had encroached across the property line shown on Generalow's survey, "title to all but 8.4 inches of that property had passed to the [plaintiffs' predecessors] by virtue of their adverse possession of the land" *(Generalow v Steinberger* 131 AD2d 634). Moreover, it was also held that the 8.4 inch encroachment was de minimis and that Generalow was, therefore, not entitled to an injunction compelling the plaintiffs' predecessors to remove the wall *(see, Generalow v Steinberger, supra)*. The plaintiffs commenced the instant action after Generalow placed a metal stake into their driveway and painted a yellow line down their driveway purportedly to represent her property line. In addition, Generalow removed a wooden fence that she alleged the plaintiffs had constructed on her side of the property line.

On appeal, the plaintiffs contend that the prior litigation in *Generalow v Steinberger,* was res judicata with respect to the boundary between the parties' parcels. The doctrine of res judicata operates to "preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same 'factual grouping' or 'transaction' and which should have or could have been resolved in the prior proceeding" *(Braunstein v Braunstein,* 114 AD2d 46, 53; *see also, Sherman v Ansell,* 207 AD2d 537; *McNeary v Senecal,* 197 AD2d 835). The related doctrine of collateral estoppel or "issue preclusion" is invoked when the cause of action in the second matter is different from that in the first and applies only to a prior determination of an issue which was actually and necessarily decided in the earlier matter and not to those which could have been litigated *(see,* 9 Carmody-Wait 2d, NY Prac, Judgments, § 63:432; *see also, Weiss v Manfredi,* 83 NY2d 974; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

Applying these principles to the instant case, it is clear that the doctrines of res judicata and/or collateral estoppel would preclude Generalow from litigating the issue of the parties' boundary in the vicinity of the driveway and retaining wall. Since Generalow conceded that the metal stake and yellow line were placed on the plaintiffs' driveway at her direction and since the courts had already determined that that prop-

erty had passed to the plaintiffs' predecessors by virtue of adverse possession, the plaintiffs were entitled to summary judgment on their second cause of action seeking damages for trespass to their driveway. Likewise, that portion of Generalow's counterclaim which sought damages for the "encroachment" caused by the driveway and retaining wall is also barred by the application of res judicata and/or collateral estoppel.

However, since the wooden fence which was removed by Generalow was not at issue in the earlier action and, indeed, is located at a different area of the property, the doctrines of res judicata and/or collateral estoppel would not bar litigating any dispute over the fence. Moreover, since there is a dispute over when the fence was actually constructed, there is a triable issue of fact as to whether the area in the vicinity of the fence had passed to the plaintiffs or their predecessors by virtue of adverse possession. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.