■ GEORGE W. CAPUTO, Individually and as Administrator of the Estate of ROBERT W. CAPUTO, Deceased, et al., Appellants, v CLEAN HARBORS INCORPORATED et al., Respondents. [630 NYS2d 816] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 24, 1994 in Albany County, which, *inter alia*, granted defendants' cross motion for partial summary judgment dismissing plaintiffs' causes of action arising under the Jones Act.

Plaintiffs' decedent was employed as a foreman/supervisor by defendant Clean Harbors of Kingston, Inc. (hereinafter Clean Harbors). In September 1989, an oil barge began leaking oil into the Hudson River and contaminated the river's shoreline for a distance of approximately 15 miles. Clean Harbors was retained to clean up the spill. On the morning of September 22, 1989, decedent's work crew was assigned a segment of the affected shoreline which was inaccessible by land and decedent was provided with a 14-foot aluminum flat-bottomed boat to transport his crew and supplies to his assigned area. While transporting a crew member and supplies, the boat began to swamp, as the result of which decedent and his companion abandoned the boat. Decedent's body was recovered from the river four days later.

In July 1990, the instant action was commenced seeking, *inter alia*, damages for decedent's wrongful death. Plaintiffs thereafter moved for partial summary judgment on the issue of liability under the General Maritime Law and defendants cross-moved for partial summary judgment. Supreme Court denied plaintiffs' motion and granted defendants' cross motion. This appeal ensued.

The Jones Act provides, in pertinent part, that the personal representative of a deceased seaman may maintain an action for damages and in such action all statutes of the United States regulating the right of action for death in the case of a railway employee shall be applicable (*see*, 46 USC, Appendix § 688 [a]). While the term "seaman" is not defined in the Jones Act, the term has been the subject of considerable litigation. Most recently, the United States Supreme Court articulated a two-pronged test for determining whether an individual qualifies as a "seaman" for purposes of the Jones Act (*see*, *Chandris, Inc. v Latsis*, 515 US —, 115 S Ct 2172). First, " 'an employee's duties must "contribut[e] to the function of the vessel or to the accomplishment of its mission" ' " (*see*, *supra*, at 2184, quoting *McDermott Intl. v Wilander*, 498 US 337, 355, quoting *Offshore Co. v Robison*, 266 F2d 769, 779). Additionally, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature" (*supra*, at —, at 2190). In devising this test, the court emphasized the distinction between sea-based employees who are entitled to the protection afforded by the Jones Act and land-based employees "who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea" (*supra*, at —, at 2190). Given this defi-

nition, it seems clear that decedent was not employed at the time of his death as a "seaman" and was therefore not eligible for benefits under the Jones Act.

Concededly, decedent contributed to the mission of the vessel he was operating on the day of his death and his contribution was limited to that vessel. The record reflects, however, that in the three years that decedent was employed by Clean Harbors, this was the first time he was called upon to operate a boat and the purpose of operating the boat was limited to transportation to a section of the shoreline which was inaccessible by vehicle. Accordingly, it is clear that decedent's contribution to the mission of the vessel was insubstantial in terms of its duration and nature and that decedent was not regularly exposed to the hazards of the sea. Given that the facts and the law reasonably support only one conclusion, Supreme Court properly determined, summarily, that defendants were entitled to judgment (see, McDermott Intl. v Wilander, 498 US 337, 356, supra). We have examined plaintiffs' remaining contentions and find them to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.