■ D.C.I. DANACO CONTRACTORS, INC., Appellant, v ASSOCIATED UNIVERSITIES, INC., Respondent. [670 NYS2d 773] —In an action, *inter alia,* for an accounting and restitution, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 11, 1997, which granted the defendant's motion for summary judgment dismissing the complaint with prejudice and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff contractor commenced this action in the Supreme Court, Suffolk County, against the defendant, a Federal "prime contractor" and operator of the Brookhaven National Laboratory, following a determination by the United States District Court that the plaintiff was not entitled to recover damages, *inter alia,* for the defendant's wrongful termination of its contract with the plaintiff (*see, D.C.I. Danaco v Associated Univs.,* US Dist Ct, ED NY, June 28, 1993, Wexler, J.). The Supreme Court dismissed the instant complaint as barred by the doctrine of res judicata.

"The doctrine of res judicata operates to 'preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same "factual grouping" or "transaction" and which should have or could have been resolved in the prior proceeding'" (*Koether v Generalow,* 213 AD2d 379, 380, quoting *Braunstein v Braunstein,* 114 AD2d 46, 53; *see, Coliseum Towers Assocs. v County of Nassau,* 217 AD2d 387, 390). We agree with the Supreme Court that in the present action the plaintiff seeks to recover, under a theory of quantum meruit, the "windfall" allegedly received by the defendant as a result of the termina-

tion of the Federal construction contract based on the plaintiff's default. This is the same claim that the United States Court of Appeals for the Second Circuit rejected, when it affirmed the judgment of the District Court, on the ground that the defendant did not wrongfully terminate the contract with the plaintiff (*see, D.C.I. Danaco v Associated Univs.,* 2d Cir, 90-cv-2074, May 18, 1994).

The plaintiff's remaining contentions are without merit. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.