■ EDWARD J. BROWN et al., Appellants, v PATRICK MILANDO et al., Respondents. [700 NYS2d 856] —In an action, *inter alia,* to enjoin the defendants from utilizing the plaintiffs' property and for the amendment of certain deeds, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated August 5, 1998, which, in effect, granted the motions of certain defendants for summary judgment, and, upon searching the record, granted summary judgment to the remaining defendants dismissing the complaint in its entirety based upon res judicata, and denied the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions for summary judgment are denied, the cross motion is granted, the proposed amended complaint is deemed served, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

In a prior action between the plaintiffs and the defendants and/or their predecessors in interest, the Supreme Court found, after a nonjury trial, that the plaintiffs were owners of the disputed property. However, citing laches based upon the plaintiffs' delay in bringing their claim to the defendants' attention, the court limited the plaintiffs' relief for the encroachments on their property to monetary damages. The plaintiffs did not pursue monetary damages. Instead, they entered and recorded orders adjudicating them owners of the property, and advised the encroaching landowners to remove all personal property from the subject property, and refrain from further damaging the property.

The plaintiffs allege that in 1995 and thereafter, the adjoining property owners, who were either defendants in the prior action or their successors in interest, installed additional encroachments on the subject property, and damaged it. The plaintiffs seek both injunctive relief and damages.

The Supreme Court, upon searching the record, granted the defendants summary judgment based upon res judicata, concluding that the determination in the prior action "grant[ed] the defendants in that action an easement running with the land". However, the court in the prior action made no mention of any easement. The court in that prior action held that the *plaintiffs* owned the disputed property, but *encroachments*

could nevertheless remain, and the plaintiffs' remedy for those encroachments would be limited to damages. The plaintiffs have alleged new encroachments and new damages not in issue in the prior action. Res judicata only applies to the same transaction or series of transactions; it does not extend to all causes of action arising out of a course of dealing between parties and those in privity with them (*see, Matter of Reilly v Reid,* 45 NY2d 24; *O'Brien v City of Syracuse,* 54 NY2d 353).

The plaintiffs further note that the orders in the prior action stated that no existing deeds would be voided or rewritten. However, the court did not rule on the question of whether deeds written *after* those orders were entered should conform with the ultimate determination in the prior action that the plaintiffs owned the subject property.

Accordingly, it was inappropriate to grant the defendants summary judgment. Further, the plaintiffs' cross motion for leave to serve an amended complaint should have been granted (*see,* CPLR 3025). Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.