■ Fernando Ordenana, Respondent, v Fredric L. Weber, Appellant. [707 NYS2d 111] —In an action to recover damages for

intentional interference with contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated February 5, 1999, as denied those branches of his motion which were for summary judgment dismissing the complaint on the grounds of res judicata and failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The doctrine of res judicata operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same "factual grouping" or "transaction" and which should have or could have been resolved in the prior proceeding (*D.C.I. Danaco Contr. v Associated Univs.*, 248 AD2d 663; *Koether v Generalow*, 213 AD2d 379, 380). The doctrine of res judicata applies only to the same transaction or series of transactions; it does not extend to all causes of action arising out of a course of dealing between parties and those in privity with them (*see, Matter of Reilly v Reid*, 45 NY2d 24; *Brown v Milando*, 267 AD2d 412). We agree with the Supreme Court that the plaintiff's prior action in the Civil Court, Queens County, Small Claims Part, to recover for defective services rendered is unrelated to the claims asserted in the instant action, and thus the present action is not barred on that ground.

In addition, the branch of the defendant's motion for summary judgment dismissing the complaint on the ground that it failed to state a cause of action was properly denied. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.