■ In the Matter of JUDITH FALCO, Appellant, v TOWN OF ISLIP et al., Respondents. [734 NYS2d 643] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town of Islip, dated March 15, 2000, which denied the petitioner's application for a building permit to construct a single-family dwelling on her property, the appeal is from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated September 27, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the proceeding on the ground of res judicata. The current proceeding is merely the "renewal of issue[s] actually litigated and resolved in * * * prior proceeding[s] as well as claims for different relief which arise out of the same 'factual grouping' or 'transaction' and which should have or could have been resolved in the prior proceeding[s]" (*Ordenana v Weber,* 269 AD2d 580, 581, quoting *D.C.I. Danaco Contrs. v Associated Univs.,* 248 AD2d 663; *see, Matter of Falco v Town of Islip Zoning Bd. of Appeals,* 283 AD2d 576; *Koether v Generalow,* 213 AD2d 379).

In particular, there is no merit to the petitioner's contention that in a prior proceeding pursuant to CPLR article 78 the Supreme Court, and subsequently on appeal this Court, failed

to consider the report of her inspector, who concluded that "no wetland impacts are expected" from the proposed structure application. The parties, property, issues, facts, and relief sought in the petitioner's previous application for an area variance are essentially identical to the present application, and the inspector's report submitted by the petitioner only enhances the quality and amount of proof submitted. Thus, "the commencement of [this] proceeding simply to cure defects in the proof and to improve the quality thereof is not a distinction which precludes the application of res judicata" (*Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals,* 192 AD2d 839, 840; *cf., Jensen v Zoning Bd. of Appeals,* 130 AD2d 549).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.