■ ARTHUR SIEGEL et al., Appellants, v COMPETITION IMPORTS, INC., et al., Respondents. [745 NYS2d 701] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Berler, J.), dated December 6, 2000, which denied their motion for summary judgment, granted the motion of the defendant Mercedes Benz Credit Corporation for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaims, granted the respective motions of the defendants Mercedes Benz of North America, Inc., and Competition Imports, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and is in favor of the defendant Mercedes Benz Credit Corporation and against them in the principal sum of $21,427.05.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents.

On November 27, 1991, the plaintiffs Creative Apparel, Inc., and Arthur Siegel, its president and the guarantor of the subject lease, leased a 1992 Mercedes Benz 500 SEL pursuant to a written lease from the defendant Competition Imports, Inc. (hereinafter Competition). The lease was subsequently assigned to the defendant Mercedes Benz Credit Corporation (hereinafter Credit), a lease financing institution. The car was imported from Germany into the United States by the defendant Mercedes Benz of North America, Inc. (hereinafter Mercedes). Approximately seven months later, the plaintiffs returned the car to Competition complaining that it did not comply with Mercedes's express and implied warranties of merchantability and fitness for use. As alleged by Credit in its affidavit in support of its motion for summary judgment, the plaintiffs did not make any lease payments after March 1992.

The plaintiffs commenced this action against Competition, Credit, and Mercedes, asserting causes of action sounding in breach of contract, breach of warranty, and misrepresentation. While the action was pending, a federal class action involving an essentially identical complaint against Mercedes was certified and settled, and a final judgment was entered and affirmed by the United States Court of Appeals for the Third Circuit. All three defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them, and Credit counterclaimed, inter alia, to recover damages pursuant to the lease and the personal guarantee. The Supreme Court granted the motions. We affirm.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v New York City,* 49 NY2d 557, 562). "Once the proponent of a motion for summary judgment makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the parties opposing the motion" (*Flanel v Maglione Italian Ices,* 266 AD2d 505). Additionally, "[t]he doctrine of res judicata operates to 'preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same "factual grouping" or "transaction" and which should or could have been resolved in the prior proceeding' " (*Koether v Generalow,* 213 AD2d 379, 380, quoting *Braunstein v Braunstein,* 114 AD2d 46, 53; *see D.C.I. Danaco Contrs. v Associated Univs.,* 248 AD2d 663).

We agree with Mercedes that the complaint must be dismissed insofar as asserted against it on the ground that it is barred by the preclusive effect of the judgment in the federal class action. The plaintiffs were members of the class but failed to opt out. Therefore, they are bound by the federal judgment. Although the plaintiffs claim that they never received notice of the class action and thus had no opportunity to opt out of it, they failed to demonstrate that Mercedes did not act with reasonable diligence in complying with the court-ordered method of providing notice to the class. Mercedes presented affidavits of service which were duly filed with and approved by the District Court, and the method of notice prescribed was reasonably calculated to put the plaintiffs on notice of the class action. In turn, the plaintiffs failed to raise an issue of fact regarding any alleged failure of Mercedes to diligently comply with the prescribed methods of service. Therefore, Mercedes's motion for summary judgment was properly granted.

Competition's motion for summary judgment and Credit's motion for summary judgment on its counterclaims for the balance of the lease payments were also properly granted. The lease unambiguously provides that the plaintiffs acknowledged that the lessor disclaimed any express or implied warranties. In response, the plaintiffs failed to raise issues of fact regarding fraud or mutual mistake, and the parol evidence rule precludes them from relying upon alleged oral negotiations between the parties to contradict or modify the terms of their writing (see *Marine Midland Bank-S. v Thurlow,* 53 NY2d 381). Since the Supreme Court correctly held that the lease was unambiguous and the alleged oral representations made by Competition's representative prior to the execution of the lease were barred by the parol evidence rule, summary judgment was properly granted in favor of Competition and Credit.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.