■ AHMED GREEN, Appellant, v SOLECAM CORP., Doing Business as McDONALD'S, INC., Respondent. [777 NYS2d 183]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated January 22, 2003, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

On or about April 16, 1997, the plaintiff commenced a personal injury action against McDonald's Corporation (hereinafter McDonald's) to recover damages for alleged food poisoning on June 26, 1994 (hereinafter the first action). However, McDonald's neither owned nor operated the restaurant where the incident allegedly occurred. Rather, the restaurant was owned and operated by the defendant, Solecam Corp., doing business as McDonald's, Inc. (hereinafter Solecam). The first action was subsequently dismissed for failure to effect proper service.

Thereafter, on or about July 2, 1999, the plaintiff commenced this action against Solecam (hereinafter the second action). Solecam moved, inter alia, to dismiss the complaint on the ground that the second action was time-barred. The plaintiff opposed the motion, arguing that the second action was timely commenced within 120 days after the dismissal of the first action in accordance with former CPLR 306-b (b), notwithstanding the expiration of the limitations period. The Supreme Court granted the motion, finding that former CPLR 306-b (b) was inapplicable since the first action was only commenced against McDonald's, and the second action against Solecam was not timely commenced. We affirm.

CPLR former 306-b (b) provided that: "[i]f an action dismissed . . . for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period."

Contrary to the plaintiff's contention, the first action was not timely commenced within the meaning of CPLR former 306-b (b) since Solecam was not named or served in that action (*see Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467 [1998]). Therefore, the plaintiff cannot avail himself of the 120-day recommencement provision under CPLR former 306-b (b), the second action was untimely, and the Supreme Court properly granted the motion to dismiss the complaint. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.