■ DONA WILLIAMS et al., Respondents, v MARVIN WINDOWS AND DOORS et al., Appellants, et al., Defendant. [790 NYS2d 66]—

In an action to recover damages for injury to property and breach of warranty, the defendants Marvin Windows and Doors, Marvin Lumber and Cedar Company, and Marvin Windows of Tennessee, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 23, 2003, as denied their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (5).

Ordered that the appeal by Marvin Windows and Doors is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and is it further,

Ordered that the order is reversed insofar as appealed from by Marvin Lumber and Cedar Company and Marvin Windows of Tennessee, Inc., on the law, that branch of the motion which was to dismiss the complaint insofar as asserted against Marvin Lumber and Cedar Company and Marvin Windows of Tennessee, Inc., is granted, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants Marvin Lumber and Cedar Company and Marvin Windows of Tennessee, Inc.

In 1988 the plaintiffs purchased approximately 60 windows manufactured and distributed by the defendants Marvin Lumber and Cedar Company and Marvin Windows of Tennessee, Inc. (hereinafter the appellants). The windows were treated with a chemical preservative which apparently failed to prevent the window frames from rotting and decaying. In or about early 2000, a class action was commenced in Minnesota state court against the appellants, sounding in, inter alia, negligence, breach of warranty, and breach of contract, seeking damages for injury to property on behalf of all customers in the United States who purchased the appellants' treated windows and doors between 1985 and 1989. An agreement settling the class action (hereinafter the settlement agreement) dated July 17, 2001, was

executed by class counsel on August 6, 2001. The settlement agreement, which was so-ordered by the Minnesota court, contained a general release extinguishing the claims of class members against, among others, the appellants. It required that notice of the settlement be given to all known individual class members by regular mail, and that further notice be given by publication, as well as by dissemination of a toll-free telephone number and a Web site. The notice of the settlement agreement provided that a class member could opt out of the settlement by sending a letter to a specific address no later than October 8, 2001, notifying the appellants' representatives of the class member's election to opt out. The settlement agreement also provided that a class member who had litigation pending against the appellants as of August 15, 2001, would be excluded from the settlement class unless that class member expressly opted into the class.

The plaintiffs filed the summons and complaint in this action on July 24, 2001, naming, among others, Marvin Windows and Doors as a defendant. Marvin Windows and Doors is not the correct corporate name of either or both of the appellants, and according to the appellants, no entity has been formally organized under that name. The plaintiffs did not name either of the appellants as a defendant. The plaintiffs did not serve the appellants with either the summons and complaint, or the first amended summons and complaint, which the plaintiffs filed only one month later. On August 14, 2002, the plaintiffs filed a second amended summons and complaint adding the appellants as defendants, and served the appellants on August 19, 2002. The appellants moved to dismiss the complaint insofar as asserted against them on the grounds that the plaintiffs' claims were barred by res judicata and release. The Supreme Court denied the motion. We reverse and grant the motion.

Although the plaintiffs claim that they never received notice of the class action settlement, and thus had no opportunity to opt out of it, they failed to demonstrate that the appellants did not act with reasonable diligence in complying with the court-ordered method of providing notice to the class. The appellants presented documents and other proof establishing that they mailed the notice to the plaintiffs. In opposition, the plaintiffs did not even allege that the appellants failed diligently to comply with the prescribed methods of service (*see Siegel v Competition Imports*, 296 AD2d 540, 542 [2002]; *see also Eisen v Carlisle & Jacquelin*, 417 US 156, 175-176 [1974]; *cf. Weigner v City of New York*, 852 F2d 646, 649 [1988], *cert denied* 488 US 1005 [1989]). "Individual notice of class proceedings is not meant to

guarantee that every member entitled to individual notice receives such notice" (*Reppert v Marvin Lbr. & Cedar Co.*, 359 F3d 53, 56-57 [2004], quoting *Hallman v Pennsylvania Life Ins. Co.*, 536 F Supp 745, 748-749 [1982]). Where, as here, the method of notice ordered is reasonably calculated to reach the plaintiffs, and diligent efforts were made to comply with the prescribed method, the plaintiffs' mere nonreceipt is insufficient to remove them from the class (*see Siegel v Competition Imports, supra; see also Reppert v Marvin Lbr. & Cedar Co., supra*).

Moreover, the plaintiffs failed to comply with the opt-out method prescribed by the settlement agreement, the notice of settlement, and the order and judgment entered to enforce the settlement agreement (*see In re PaineWebber Ltd. Partnerships Litig.*, 147 F3d 132, 136 [1998]; *Siegel v Competition Imports, supra* at 542), and the prescribed procedure was adequate (*see Dagnoli v Spring Val. Mobile Vil.*, 165 AD2d 859, 860 [1990]; *cf. Vickers v Home Fed. Sav. & Loan Assn. of E. Rochester*, 56 AD2d 62, 65-68 [1977]). Contrary to the plaintiffs' contention, their uncommunicated subjective intent to opt out cannot, by itself, create an issue of fact where otherwise there is none (*see Wells v Shearson Lehman/Am. Express*, 72 NY2d 11, 24 [1988]; *Thailer v LaRocca*, 174 AD2d 731 [1991]).

The Supreme Court also erred in determining that there are triable issues of fact as to whether the plaintiffs had commenced an action against the appellants on or before August 15, 2001, and were thereby removed from the settlement class. This action was not commenced against the appellants, the intended defendants, before August 15, 2001, because the plaintiffs failed to name them as defendants in their initial summons and complaint and thereafter to effect proper service upon the appellants (*see Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467, 470-472 [1998]; *Green v Solecam Corp.*, 7 AD3d 670 [2004]; *cf. Leszczynski v Kelly & McGlynn*, 281 AD2d 519, 520 [2001]).

Thus, the plaintiffs are bound by the terms of the settlement agreement. The Minnesota order and judgment disposing of the class action in accordance with the settlement agreement is res judicata on the plaintiffs' claims in the instant action (*see Siegel v Competition Imports, supra* at 541), and the plaintiffs have effected a general release of the appellants in accordance with the terms of the settlement agreement (*see Wells v Shearson Lehman/Am. Express, supra* at 18; *Electronic Bankcard Sys. v Shiner*, 305 AD2d 366, 368 [2003]; General Obligations Law § 15-108 [a]).

Accordingly, the appellants' motion to dismiss the complaint

insofar as asserted against them should have been granted. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.