**Ulysses I & Company, Inc.**, Respondent-Appellant, v
**Gary Feldstein**, Respondent, **Peter Morton**, Appellant-
Respondent, et al., Defendants. [802 NYS2d 455]—

In an action, inter alia, to determine the parties' respective
rights and interests in a certain parcel of real property (1) the
defendant Peter Morton appeals from stated portions of an or-
der and judgment (one paper) of the Supreme Court, Suffolk
County (Jones, Jr., J.), entered January 14, 2004, which, among
other things, denied those branches of his motion and cross mo-
tion which were for summary judgment on the issue of liability
on his counterclaims, to vacate a mortgage recorded by the
plaintiff against the subject property, to impose sanctions upon
the plaintiff, and to enjoin the plaintiff from commencing fur-
ther litigation related to the subject property without prior
court approval, and (2) the plaintiff cross-appeals, as limited by
its brief, from stated portions of the same order and judgment
which, inter alia, granted those branches of the respective mo-
tions of the defendants Gary Feldstein and Peter Morton which
were for summary judgment dismissing the complaint insofar as
asserted against them, denied its cross motion for summary
judgment on the complaint, and enjoined it from commencing
any action or proceeding related to the subject property unless a
copy of the court's order and judgment is appended to the papers
filed therein.

Ordered that the order and judgment is modified, on the law,
by deleting the provision thereof denying those branches of the
motion and cross motion of the defendant Peter Morton which
were to vacate the mortgage recorded by the plaintiff against
the subject property, and substituting therefor a provision grant-
ing those branches of the motion and cross motion; as so modi-
fied, the order and judgment is affirmed insofar as appealed and
cross-appealed from, with one bill of costs to the defendants
Gary Feldstein and Peter Morton.

Contrary to the plaintiff's contentions, the Supreme Court
properly concluded that the plaintiff lacked standing to maintain
this action challenging the validity of the deeds to the defendants
Feldstein and Morton (*see Society of Plastics Indus. v County of
Suffolk*, 77 NY2d 761 [1991]). Moreover, the plaintiff's causes of

action previously were litigated and resolved in the prior actions between the parties, and thus are barred by principles of res judicata (*see Matter of Hodes v Axelrod*, 70 NY2d 364 [1987]; *Falco v Town of Islip*, 289 AD2d 490 [2001]; *Ordenana v Weber*, 269 AD2d 580 [2000]).

The Supreme Court correctly denied those branches of the motion and cross motion of the defendant Peter Morton which were for summary judgment on the issue of liability with respect to his counterclaims. A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Morton failed to demonstrate the absence of a triable issue of fact with regard to certain elements of his counterclaims, and therefore failed to establish his entitlement to summary judgment. However, in view of the fact that the plaintiff recorded a mortgage against the property after a notice of pendency was filed and after the Supreme Court awarded specific performance to the defendant Feldstein, it is clear, as conceded by the plaintiff, that the mortgage could not constitute a valid encumbrance upon the title to the premises. Therefore, the Supreme Court should have granted those branches of Morton's motion and cross motion which were to vacate the mortgage.

In view of the lengthy and repetitive history of the litigation among the parties, the Supreme Court acted appropriately in requiring the plaintiff to annex to its papers in any future action or proceeding it commences a copy of the court's order and judgment. Furthermore, while we decline to impose sanctions in this matter, we caution the plaintiff that if the current pattern of litigation continues, sanctions may be warranted.

The parties' remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.