■ LAURA A. ELIASOF, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents, et al., Defendant. [835 NYS2d 628]—

In an action to recover damages for discrimination in employment on the basis of sex in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered December 19, 2005, which granted the motion of the defendants Metropolitan Life Insurance Company, William Frances Blackford, William D. Moore, Alyssa Stayn, and Amy Berg, and the separate motion of the defendant Ronald Roganti, to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the doctrine of res judicata.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, a former employee of the defendant Metropolitan Life Insurance company (hereinafter MetLife), alleged that

she was continually harassed by a coworker, the defendant Kenneth Lloyd White III. The plaintiff further alleged that members of MetLife's management, including the defendants William Frances Blackford, William D. Moore, Alyssa Stayn, and Amy Berg, either aided and abetted in the hostile work environment or purposely determined to take no remedial action on the plaintiff's behalf. The plaintiff contends that she was constructively discharged from her employment as of mid-2003, and seeks damages for violations of, inter alia, Executive Law § 296 (1) (a), (e); (6), (7).

On March 13, 2001, a federal class action was commenced against MetLife entitled *Mitchell v Metropolitan Life Insurance Company, Inc.,* under docket No. 01 Civ. 2112 (WHP) in the United States District Court for the Southern District of New York (hereinafter the class action). The plaintiff became a member of the class by her execution of a consent form on October 18, 2003. The class representatives alleged gender-based discriminatory practices at MetLife, primarily with respect to recruitment and promotion, but they also made broader allegations that MetLife engaged in discriminatory gender-based policies, patterns, or practices against its female sales employees in violation of Title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2, *et seq.*), Executive Law § 296, and Title 8 of the Administrative Code of the City of New York. The class action was settled by consent decree approved by the United States District Court for the Southern District of New York on November 6, 2003. By the consent decree, MetLife agreed, without admitting wrongdoing or liability, that it would, inter alia, distribute to employees its gender-based anti-harassment policy, conduct gender-based diversity and sensitivity training, and provide internal disciplinary procedures for dealing with employees who engage in sexual harassment that could include employee terminations. The plaintiff did not opt out of the class and accepted the sum of $1,000 pursuant to the settlement. The plaintiff was notified in writing that by participating in the settlement, she would be barred from seeking relief from MetLife "for all claims that were or could have been asserted" by her in the class action.

MetLife, together with individual defendants Blackford, Moore, Stayn, and Berg, moved pursuant to CPLR 3211 (a) (5) to dismiss the instant action on the ground that, inter alia, the plaintiff's participation in the settlement of the class action barred her relitigation of her sexual harassment claims in state court. The individual defendant Ronald Roganti separately moved for the same relief on the same ground. The Supreme Court granted these defendants' motions to dismiss. We affirm.

The federal pleadings refer to classes and subclasses. While much of the class action complaint and consent decree appears to focus upon the gender-based "glass ceiling" that was alleged to exist at MetLife, the consent decree also contains provisions specifically implementing procedures addressing sexual harassment in the workplace, such as training on, and the distribution and enforcement of, MetLife's gender-based antiharassment policy. The consent decree is the truest factor for determining whether a federal settlement has preclusive effect upon a state litigation (*see Ivy v Dole*, 610 F Supp 165 [1985], *affd* 811 F2d 1505 [1987]; *Matter of Dvelis v New York State Dept. of Social Servs.*, 146 AD2d 875, 877 [1989]; *see generally Matter of De Chiaro*, 35 Misc 2d 485, 487-488). As the consent decree in this instance encompasses issues of alleged sexual harassment in MetLife's workplace, including MetLife's antiharassment policies, training, and remedial procedures, the plaintiff's participation in the settlement of the class action bars her from pursuing her claims in the Supreme Court, which are duplicative (*see Marisol A. by Forbes v Giuliani*, 929 F Supp 662, 690 [1996], *affd* 126 F3d 372 [1997]; *Williams v Marvin Windows & Doors*, 15 AD3d 393, 396 [2005]; *Siegel v Competition Imports*, 296 AD2d 540, 542 [2002]).

The parties' remaining contentions have been rendered academic. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.