■ In the Matter of ANDREW B. SIEGEL, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF IRVINGTON et al., Respondents. [899 NYS2d 862]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Irvington dated December 5, 2008, granting the application of the respondent Doris K. Morin for an area variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Neary, J.), entered October 2, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, a prior proceeding pursuant to CPLR article 78 was finally determined by an unappealed judgment of the Supreme Court, Westchester County, entered August 6, 2008, which determined that the subject lots had not merged with the adjacent property under theories of

common ownership or merger by use, and directed the respondent Zoning Board of Appeals of the Village of Irvington (hereinafter the ZBA) to grant the applicant a variance to construct a dwelling on the lots as a matter of right. Accordingly, the petitioner's current contentions that the lots did merge, and that they constitute an unbuildable side yard, were or could have been raised in the previous CPLR article 78 proceeding and are, thus, now precluded by principles of res judicata (*see Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]; *Lefkowitz v Etra & Etra*, 13 AD3d 132, 133 [2004]; *Matter of Falco v Town of Islip*, 289 AD2d 490, 490-491 [2001]; *Matter of Waylonis v Baum*, 281 AD2d 636, 638 [2001]). In addition, the petitioner's contention that the ZBA failed to weigh the statutory factors (*see* Village Law § 7-712-b [3] [b]) in exercising its discretion is unavailing, since the judgment entered August 6, 2008, mandated that the variance be issued. In any event, we note that this contention is without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.