■ ANDREA VAUGHNS, Respondent, v MICHAEL KIRKLAND, Appellant. [924 NYS2d 845]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), entered November 12, 2010, which denied his motion, inter alia, in effect, pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010], quoting *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD3d 383, 383 [2002]). Here, the defendant has not met that burden.

While "documents reflecting out-of-court transactions such as . . . contracts, and any other papers" qualify as documentary evidence (*Fontanetta v John Doe 1*, 73 AD3d at 84-85), here, the defendant failed to establish, as a matter of law, that an alleged out-of-court, prelitigation settlement agreement was binding on the plaintiff (*see generally Williams v Marvin Windows & Doors*, 15 AD3d 393 [2005]; *Malarkey v Piel*, 7 AD3d 681 [2004]; *Laruccia v Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn*, 295 AD2d 321 [2002]). A determination of whether the settlement agreement was binding on the plaintiff would have been premature at this early stage, and inappropriate in the context of a CPLR 3211 motion.

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, in effect, pursuant to CPLR 3211 (a) (1) to dismiss the complaint. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.