*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014            517694
_____

JENNIFER MARSTON, Individually
    and as Administrator of
    the Estate of JEFFREY
    HARBISON, Deceased,
                        Respondent,

        v

GENERAL ELECTRIC COMPANY,
                    Defendant,            MEMORANDUM AND ORDER
        and

PARSONS ENGINEERING OF NEW
    YORK, INC., et al.,
                    Respondents,
        and

URS CORPORATION,
                    Appellant.

(And Two Third-Party Actions.)
_____

Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                        _____


        Thompson Hine, LLP, New York City (Richard De Palma of
counsel), for appellant.

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John
D. Wright of counsel), for Jennifer Marston, respondent.

        Braverman Greenspun, PC, New York City (Steven R. Goldstein
of counsel), for Parsons Engineering of New York, Inc.,
respondent.

Hanlon & Veloce, Latham (Christine D'Addio Hanlon of counsel), for Saratoga Safety, Inc., respondent.

_____

Rose, J.

Appeal from an order of the Supreme Court (Hall Jr., J.), entered July 9, 2013 in Washington County, which, among other things, denied a motion by defendant URS Corporation to dismiss the complaint against it.

Jeffrey Harbison (hereinafter decedent), an employee of defendant URS Corporation, was assigned to perform archeological surveys in connection with defendant General Electric Company's dredging project in the Hudson River. When a boat he was operating on the river as part of his employment duties lost power and was swept over the Thompson Island Dam, decedent drowned. Plaintiff, his wife, commenced this action asserting, as relevant here, a claim against URS under the Jones Act (46 USC § 30104 et seq.). Defendants Parsons Engineering of New York, Inc. and Saratoga Safety, Inc., contractors on the dredging project, asserted cross claims against URS for common-law and contractual indemnity. Prior to answering, URS moved, pursuant to CPLR 3211 (a) (1) and (7), to dismiss plaintiff's Jones Act cause of action and the cross claims for indemnification asserted by Parsons and Saratoga Safety. Supreme Court denied the motion to dismiss and granted plaintiff's motion to amend the complaint. URS now appeals.[1]

URS argues that plaintiff failed to sufficiently state a Jones Act violation by failing to allege that decedent was a "seaman" under the statute and that, even if a claim was properly stated, the affidavits submitted in support of the motion to

_____

[1] Contrary to plaintiff's claim, the filing of the amended complaint does not render the appeal moot inasmuch as the Jones Act cause of action has not been altered (see EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr., 212 AD2d 570, 571 [1995]).

dismiss conclusively establish that decedent does not qualify for seaman status under the Jones Act. We are not persuaded. Under the Jones Act, any seaman or his or her representative may bring a civil action to recover for injury or death sustained in the course of employment (see 46 USC § 30104). While there is no statutory definition of a seaman, it has been held that, in order to qualify as one, an employee's duties must contribute to the function of the vessel or accomplishment of its mission and the employee must have "a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature" (Chandris, Inc. v Latsis, 515 US 347, 368 [1995]; accord Smith v Lone Star Indus., 1 AD3d 860, 862 [2003]). Here, the failure to specifically use the word "seaman" in the complaint is not fatal, inasmuch as allegations that decedent drowned while operating URS's vessel on the Hudson River in the course of his employment, and the reasonable inferences to be drawn therefrom, suffice to provide notice of plaintiff's Jones Act claim (see e.g. Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492-493 [2008]; Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C., 47 AD3d 239, 242-243 [2007]).

URS also submitted factual affidavits to support dismissal of the complaint pursuant to CPLR 3211 (a) (7). To warrant the relief sought, however, the affidavits must "establish conclusively that plaintiff has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). Here, the affidavits describe decedent's duties for URS as a land-based archeologist and indicate that, other than the date of his death, the only other times he was on a boat in connection with the Hudson River project included three days in 2006 and six days in 2009. The affidavits note that decedent was also assigned to other URS projects during this time frame and do not sufficiently describe whether his activities while assigned to the Hudson River project were limited to the times that he spent on the water in 2006 and 2009. The determination of whether decedent was a seaman is fact-specific and, depending on the nature and duration of his duties on this assignment, it is possible that his status had converted to that of a seaman at the time of his fatal accident (see Chandris, Inc. v Latsis, 515 US at 372; compare Caputo v Clean Harbors, 218 AD2d 924, 925-926 [1995]). Moreover, plaintiff cannot be faulted for not coming forward with

any evidence in opposition to the motion to dismiss inasmuch as it was never converted to a motion for summary judgment (<u>see</u> <u>Miglino v Bally Total Fitness of Greater N.Y., Inc.</u>, 20 NY3d 342, 351 [2013]; <u>Nonnon v City of New York</u>, 9 NY3d 825, 827 [2007]; <u>Rovello v Orofino Realty Co.</u>, 40 NY2d at 636). Accordingly, Supreme Court properly declined to make factual determinations in the context of this CPLR 3211 motion.[2]

Inasmuch as URS's motion to dismiss the cross claims for common-law indemnity hinged on whether the Jones Act is applicable, the motion to dismiss those cross claims was also properly denied. Finally, a determination of whether Saratoga Safety and Parsons qualify as "representatives" of GE so as to require URS to indemnify them pursuant to its contract with GE requires factual proof as to the parties' intent and, accordingly, URS's pre-answer motion to dismiss was properly denied as well (<u>see e.g.</u> <u>Vaughns v Kirkland</u>, 85 AD3d 770, 770 [2011]; <u>Four Seasons Hotels v Vinnik</u>, 127 AD2d 310, 318 [1987]; <u>Kushner v King</u>, 126 AD2d 466, 467-468 [1987]).

Lahtinen, J.P., Stein, McCarthy and Devine, JJ., concur.


ORDERED that the order is affirmed, with one bill of costs.



ENTER:

Robert D. Mayberger
Clerk of the Court



---

[2] While URS also sought dismissal of the Jones Act claim pursuant to CPLR 3211 (a) (1), the affidavits it submitted do not constitute "documentary evidence" pursuant to that statute (<u>see</u> <u>Matter of North Dock Tin Boat Assn., Inc. v New York State Off. of Gen. Servs.</u>, 96 AD3d 1186, 1189 n [2012]; <u>Crepin v Fogarty</u>, 59 AD3d 837, 838 [2009]).